CASE NO. 1:21-cv-1082        **EXHIBIT A**

Filed: 10/21/2021 10:07 AM
Juanita Allen
District Clerk
Caldwell County, Texas
Leslie Estrada

CAUSE NO. __21-O-543__

| | | |
|---|---|---|
| **JORGE M CARRILLO AND CELIA CARRILLO,** | § § § § | **IN THE DISTRICT COURT OF** |
| *Plaintiffs*, | § § | |
| v. | § § § | **CALDWELL COUNTY, TEXAS** |
| **STATE FARM LLOYDS,** | § § § | |
| *Defendant.* | § § | **421st JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiffs Jorge M Carrillo and Celia Carrillo (hereinafter "Plaintiffs"), by and through the undersigned counsel, files this *Plaintiffs' Original Petition*, complaining of State Farm Lloyds (hereinafter "Defendant" or "State Farm"), and would respectfully show this Honorable Court the following:

### I.   DISCOVERY PLAN

1. Plaintiffs intend discovery to be conducted under Level 1 of the Texas Rules of Civil Procedure, Rule 190.2.

### II.   PARTIES

2. Plaintiffs are individuals that own real property in Caldwell County, Texas.

3. Defendant is an insurance company engaged in the business of insurance in the State of Texas. This Defendant may be served with process by serving its Registered Agent, Corporation Service Company at 211 E 7th Street, Suite 620, Austin, Texas 78701-3218. Service is hereby requested. If personal service cannot be perfected upon Defendant's registered agents, **service via certified mail with return receipt is requested.**

## III. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action because Plaintiffs seek damages within the jurisdictional limits of this Court and because the causes of action asserted herein are not subject to exclusive jurisdiction in another court.

5. This Court has jurisdiction over Defendant because it engages in the business of insurance in Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in Texas.

6. Venue is proper under Texas Civil Practice and Remedies Code § 15.001 *et. seq.* because a substantial part of the events and omissions giving rise to the claims asserted herein occurred in Caldwell County, Texas. Furthermore, venue is proper in Caldwell, County, Texas under Texas Civil Practice and Remedies Code § 15.032 because the insured property is located in this county.

## IV. FACTUAL BACKGROUND

7. Plaintiffs purchased a Homeowner's Insurance Policy (hereinafter referred to as "the Policy") issued by Defendant.

8. During the effective policy period, Plaintiffs owned real property with improvements located at 20152 Camino Real, Dale, Texas 78616-2816, located in Caldwell County (hereinafter referred to as "the Property").

9. Defendant sold and issued Plaintiffs the Policy insuring the Property against damages caused by hail, windstorm and other covered perils.

10. On or about June 28, 2020, the Property described above sustained severe damages to the roof due to the direct force of hail. As a result, the inside of the Property sustained resulting water damage from storm created openings in the roof.

11. Plaintiffs duly notified Defendant of the damage sustained and asked that Defendant pay for damages to the Property and other damages covered by the terms of the Policy.

12. Defendant then assigned Plaintiffs Claim No. 5309J917T (hereinafter "the Claim").

13. After its investigation, Defendant ultimately acknowledged coverage for damage from a covered loss event but grossly underpaid the loss, despite the existence of obvious and easily identifiable damages for which Defendant's liability for the extension of further coverage was reasonably clear.

14. As set forth below, Defendant failed to comply with the Policy, the Texas Insurance Code, and Texas law in handling Plaintiffs' Claim by:

   a) Wrongfully denying Plaintiffs' Claim for full repairs to the Property even though the Policy provides coverage for losses such as those Plaintiffs are claiming;

   b) Underpaying some of Plaintiffs' Claim by not providing full coverage for damages sustained to the Property;

   c) Improperly and inadequately scoping the damages to the Property during Defendant's investigation; and

   d) Continuing to delay in the payment of damages to the Property, including the roof and interior.

15. Moreover, Defendant breached its contractual obligation to Plaintiffs by continuing to refuse to adequately compensate Plaintiffs for the damage to the Property pursuant to the terms of the Policy. Notably, Defendant refused to pay for the proceeds of the Policy despite the fact pre-suit demand for payment in an amount sufficient to cover the damage to the Property was made.

16. Plaintiffs complied with all obligations under the Policy, and all conditions precedent to recovery upon the Policy are satisfied.

17. Defendant continues to delay in the payment of the damage to the Property despite Plaintiffs' requests. Accordingly, Plaintiffs have still not been paid in full for the damages to the Property.

18. As a result of Defendant's wrongful acts and omissions, Plaintiffs were forced to retain legal counsel to represent Plaintiffs with respect to these causes of action.

## V. CAUSES OF ACTION

### BREACH OF CONTRACT

19. Plaintiffs incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

20. Although Plaintiffs fully cooperated with Defendant, and despite the fact that all conditions precedent to recovery have been performed, waived, excused, or otherwise satisfied, Defendant has failed and refused to pay to Plaintiffs the benefits due under the Policy/contract of insurance in question, which was in full force and effect at the time of the occurrence which forms the basis of this lawsuit.

21. Plaintiffs were forced by the actions of Defendant to retain the services of undersigned counsel and have agreed to pay undersigned counsel reasonable attorney's fees.

22. Defendant's breach proximately caused Plaintiffs' injuries and damages.

### UNFAIR SETTLEMENT PRACTICES

23. Plaintiffs incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

24. Defendant violated TEX. INS. CODE § 541.060(a) by engaging in unfair settlement practices during the handling of the claim. All of Defendant's violations are actionable pursuant to TEX. INS. CODE § 541.151.

25. Defendant engaged in the following unfair settlement practices:

a)  Pursuant to TEX. INS. CODE § 541.060(a)(1), misrepresenting to Plaintiffs material facts or Policy provisions relating to the coverage at issue by misrepresenting the true scope and amount of the claim at issue despite the existence of obvious and easily identifiable property conditions warranting the extension of further coverage under the policy.

b)  Pursuant to TEX. INS. CODE § 541.060(a)(2)(A), failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though Defendant's liability under the Policy was reasonably clear. Specifically, Defendant failed to make an attempt to settle the Claim fairly despite the fact that Defendant was aware of its liability to Plaintiffs under the Policy.

c)  Pursuant to TEX. INS. CODE § 541.060(a)(3), failing to promptly provide Plaintiffs with a *reasonable* explanation of the basis in the Policy, in relation to the facts or applicable law, for Defendant's denial of the claim or offer of a compromise settlement of the Claim. Specifically, Defendant failed to offer Plaintiffs adequate compensation for damages to the Property without *reasonable* explanation as to why full payment was not being made.

d)  Pursuant to TEX. INS. CODE § 541.060(a)(7), refusing to pay Plaintiffs' Claim without conducting a *reasonable* investigation with respect to the Claim. Defendant's outcome-oriented investigation of the Claim resulted in an unfair evaluation of the damage to Plaintiffs' Property.

26. Each of the foregoing unfair settlement practices was committed with knowledge by Defendant and was a producing cause of Plaintiffs' injuries and damages.

**MISREPRESENTATION OF INSURANCE POLICY VIOLATIONS**

27. Plaintiffs incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

28. Additionally, Defendant made misrepresentations about Plaintiffs' insurance policy and claim in violation of TEX. INS. CODE § 541.061. All of Defendant's violations are actionable pursuant to TEX. INS. CODE § 541.151.

29. Defendant engaged in deceptive insurance practices by:

a) Making an untrue statement of material fact in violation of § 541.061(1). Specifically, Defendant misrepresented the true scope and amount of the claim despite the existence of obvious and easily identifiable property conditions warranting the extension of further coverage under the policy.

    b) failing to state a material fact necessary to make other statements made not misleading in violation of § 541.061(2).

    c) Making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of material fact in violation of § 541.061(3).

    d) Making a material misstatement of law in violation of § 541.061(4).

30. Each of the foregoing unfair settlement practices was committed with knowledge by Defendant and was a producing cause of Plaintiffs' injuries and damages.

## PROMPT PAYMENT OF CLAIMS VIOLATIONS

31. Plaintiffs incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

32. Plaintiffs gave Defendant proper notice of claim under the insurance Policy issued by Defendant. As set forth more fully below, Defendant's conduct constitutes a violation of the Texas Prompt Payment of Claims Statute, which is made actionable by TEX. INS. CODE § 542.060.

33. Specifically, Defendant violated the Prompt Payment of Claims provisions of TEX. INS. CODE § 542 by:

    a) Delaying payment of the Claim following Defendant's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by TEX. INS. CODE § 542.058. Defendant delayed full payment of the Claim and, to date, Plaintiffs have still not received full payment of the amount owed on this Claim.

## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING/BAD FAITH

34. Plaintiffs incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

35. Since Plaintiffs initially presented the Claim to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear. The damage to Plaintiffs' home was not apparent until after the loss made the basis of Plaintiffs'

insurance claim. It is no coincidence that there was no apparent storm damage prior to the loss, and significant damage just after. The hail damage to the property was at all times reasonably clear during Defendant's claim investigation, such that any adjuster or insurance carrier acting in good faith would know or should have known to acknowledge and accept coverage for such damages. Instead, Defendant purposely failed to acknowledge and accept full coverage for reasonably clear hail damage. Alternatively, Defendant was grossly negligent in failing to acknowledge and accept full coverage for the reasonably clear hail damages to the property.

36. As a result of Defendant's outcome-oriented investigation, Defendant continues to refuse to pay Plaintiffs in full for the Claim.

37. Defendant denied coverage and delayed payment for the full amount of Plaintiffs' claim when it had no reasonable basis for doing so. Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, and its failure, as set forth above, to adequately and reasonably investigate and evaluate Plaintiffs' Claim, constitutes a breach of the duty of good faith and fair dealing.

## VI. KNOWLEDGE

38. Plaintiffs incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

39. Each of the acts as set forth in each of the afore-mentioned causes of action, together and singularly, were done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of Plaintiffs' damages described herein.

## VII. DAMAGES

40. Plaintiffs would show that all of the aforementioned acts, taken together or independently, establish the producing causes of the damages sustained by Plaintiffs.

41. Plaintiffs' damages have yet to be fully addressed or repaired since the incident, causing further damage to the Property and causing undue burden to Plaintiffs. Upon trial of this case, it will be shown that these damages are a direct result of Defendant's improper handling of the Claim in violation of the laws set forth above.

42. For the breach of contract, Plaintiffs are entitled to regain the benefit of the bargain, which is the amount of the Claim, together with attorney's fees.

43. As a result of the noncompliance with the Texas Insurance Code Unfair Settlement Practices provisions, Plaintiffs are entitled to actual damages, which includes the loss of the contractual benefits that should have been paid pursuant to the Policy, mental anguish, court costs, and attorney's fees. For Defendants' knowing conduct in violating these laws, Plaintiffs respectfully request treble damages pursuant to TEX. INS. CODE § 541.152.

44. Pursuant to TEX. INS. CODE § 542.060, as a result of the noncompliance with the Texas Insurance Code Prompt Payment of Claims provisions, Plaintiffs are entitled to the entire amount of the Claim, eighteen (18) percent interest per annum on the amount of the Claim and reasonable and necessary attorney's fees.

45. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiffs are seeking only monetary relief of $250,000.00 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

## VIII.   REQUIRED DISCLOSURE

46. Pursuant Texas Rules of Civil Procedure 194(a), each Defendant is required to disclose, within thirty (30) days of the filing the first answer, the information or materials described in Texas Rule of Civil Procedure 194.2(b)

## IX. INTENT TO USE DEFENDANT DOCUMENTS

47. Pursuant to TRCP 193.7, Plaintiffs hereby give notice to Defendant that any and all documents exchanged and/or produced may be used against Defendant at any pre-trial proceeding and/or at trial of this matter without the necessity of authenticating the documents.

## X. JURY DEMAND

48. Plaintiffs hereby request that all causes of action alleged herein be tried before a jury, and hereby tender the appropriate jury fee.

## XI. PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs respectfully pray that upon trial hereof, final judgment be rendered for Plaintiffs as follows:

1) Judgment against Defendant for actual damages, including mental anguish, in an amount to be determined by the jury;

2) Statutory penalties;

3) Treble damages;

4) Exemplary and punitive damages;

5) Prejudgment interest as provided by law;

6) Post-judgment interest as provided by law;

7) Attorneys' fees;

8) Costs of this suit; and

9) Such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

                    **THE LANE LAW FIRM, PLLC**

                    By: _/s/ Robert C. Lane_
                    Robert C. Lane
                    State Bar No. 24046263
                    notifications@lanelaw.com
                    Joshua D. Gordon
                    State Bar No. 24091592
                    Joshua.gordon@lanelaw.com
                    Christopher C. West
                    State Bar No. 24102639
                    chris.west@lanelaw.com
                    6200 Savoy Drive, Suite 1150
                    Houston, Texas 77036
                    (713) 595-8200 – Telephone
                    (713) 595-8201 – Fax
                    **ATTORNEYS FOR PLAINTIFFS**

Caldwell Co. District Clerk
512-398-1806

Filed: 10/21/2021 10:07 AM
Juanita Allen
District Clerk
Caldwell County, Texas
Leslie Estrada

# E-FILING REQUEST FOR ISSUANCE

- This document MUST be filed as a separate LEAD document when e-filing.
- Choose the **Filing code:** ("**Application** or **Request**")
- Select the type of issuance using the "Optional Services" section on the e-filing screen
- If a service document is required, you must add the "Copies - Service" and enter the number of pages the clerk needs to print. (Ex: Petition is 5 pages, 3 citations are requested: 5 x 3 = 15 pages will need to printed by the clerk)

Cause No. 21-O-543   Style of Case: Jorge M Carrillo and Celia Carrillo vs. State Farm Lloyds
Document to be served: Plaintiffs' Original Petition
Relief requested/statute: _____

Please Select the type and quantity of issuance(s) needed:
(use other request forms for Abstracts/Executions/Order of Withholding)

| Type | Amt | Quantity | Type | Amt | Quantity |
|---|---|---|---|---|---|
| Citation | $8 | 1 | All Writs | $8 | |
| Temp. Restraining Order | $8 | | Precept | $8 | |
| Notice | $8 | | Expunction Notices | $15.96 | |
| Show Cause Notice | $8 | | | | |

Service to be issued on: (**If service address is outside of Caldwell County,** party is responsible for service* and the service fee would not need to be paid through eFile.)

1. Name  State Farm Lloyds
   Address  211 E 7th Street, Suite 620
   City, State, Zip  Austin, Texas 78701-3218

2. Name  _____
   Address  _____
   City, State, Zip  _____

*****Check one of the options below for service method*****

Please serve by:
____ Caldwell County Sheriff/Constable*
____ Certified Mail  ____ Restricted delivery (extra cost)
____ Posting  ____ Publication (Name of paper: _____)
   (I have added the cost for a copy of the service document **and have** also added the service fee for the Sheriff/Constable or other service fee)

✓  I will bring in a file marked copy of the service document to your office and/or mail in a file-marked copy of the service document for the issuance to be picked up.

____  I will send a self-addressed stamped envelope with sufficient postage to: Caldwell Co. District Clerk, 1703 S. Colorado St., Lockhart, Tx 78644 for the return of the issuance and service document(s). Or pay for postage through efile

Requestor Name/phone number/email address

Filed: 10/29/2021 7:31 AM
Juanita Allen
District Clerk
Caldwell County, Texas
Leslie Estrada

## CAUSE NO. 21-O-543

| | | |
|---|---|---|
| JORGE M CARRILLO, ET AL<br>**PLAINTIFF** | §<br>§<br>§ | |
| VS. | §<br>§ | IN THE 421st District Court |
| STATE FARM LLOYDS<br>**DEFENDANT** | §<br>§<br>§<br>§<br>§<br>§ | CALDWELL COUNTY, TX |

### RETURN OF SERVICE

**ON Wednesday, October 27, 2021 AT 4:06 PM**
CITATION, PLAINTIFF'S ORIGINAL PETITION for service on STATE FARM LLOYDS C/O REGISTERED AGENT CORPORATION SERVICE COMPANY  came to hand.

**ON Thursday, October 28, 2021 AT 3:10 PM, I, ADRIANA ADAM, PERSONALLY DELIVERED THE ABOVE-NAMED DOCUMENTS TO:** STATE FARM LLOYDS C/O REGISTERED AGENT CORPORATION SERVICE COMPANY , by delivering to Evie Lichtenwalter, 211 E 7TH ST STE 620, AUSTIN, TRAVIS COUNTY, TX 78701.

My name is ADRIANA ADAM. My address is 4201 Monterey Oaks Blv Apt. 2208. I am a private process server certified by the Texas Judicial Branch Certification Commission (PSC 17714, expires 10/31/2021). My e-mail address is info@easy-serve.com. My date of birth is 3/30/1992. I am in all ways competent to make this statement, and this statement is based on personal knowledge. I am not a party to this case and have no interest in its outcome. I declare under penalty of perjury that the foregoing is true and correct.

Executed in TRAVIS COUNTY, TX on Thursday, October 28, 2021.

/S/ ADRIANA ADAM

21-O-543

Doc ID: 287230_2

| CITATION |
|---|

THE STATE OF TEXAS  COUNTY OF CALDWELL

CAUSE NO. 21-O-543

TO: STATE FARM LLOYDS, 211 E. 7TH STREET, STE. 620, AUSTIN, TX 78701-3218 (or wherever he/she may be found)

Notice to defendant: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the first Monday following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file our answer with the clerk. Find out more at TexasLawHelp.org.

**ORIGINAL**

| Court: | 421st Judicial District Court<br>1703 S. Colorado St., Lockhart, TX 78644 |
|---|---|
| Cause No.: | 21-O-543 |
| Date of Filing: | 10/21/2021 |
| Document: | Plaintiff's Original Petition (attached) |
| Parties in Suit: | JORGE M CARRILLO AND CELIA CARRILLO VS STATE FARM LLOYDS |
| Clerk: | Juanita Allen, District Clerk<br>1703 S. Colorado St., Lockhart, TX 78644 |
| Party/Party's Attorney/Address | Robert Lane, 6200 Savoy Dr Ste 1150, HOUSTON, TX 77036. |

The officer executing this writ shall forthwith serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

Issued under my hand and seal of said court on this the 21st day of October, 2021.

Juanita Allen, District Clerk
421st, 22nd, 207th Judicial District Courts
Caldwell County, Texas

_____, Deputy

## CAUSE NO. 21-O-543

### OFFICER'S RETURN

Came to hand on the ___ day of _____, 20__ at ____ o'clock __m., Executed at _____, within the County of _____, at _____ o'clock __.m. on the ____ day of _____. 20__ by delivering to the named respondent, in person, a true copy of this citation together with the accompanying true and correct copy of the Plaintiff's petition.

[ ] Not executed, the diligence used to execute being _____.
[ ] The respondent may be found _____.

SHERIFF'S FEES: $_____

_____Sheriff or Constable or
Authorized Person by Court Order

_____COUNTY, TEXAS

BY: _____DEPUTY

*Rule 107 Verification: Subscribed and sworn to by the above named _____
before me this the ____ day of _____, 20__, to certify which witness my hand and seal of office.

_____
Person Administering Oath

Case 1:21-cv-01082-LY   Document 1-1   Filed 11/29/21   Page 15 of 18

Filed: 11/22/2021 8:24 AM
Juanita Allen
District Clerk
Caldwell County, Texas

Jennifer Lookabill

CAUSE NO. 21-O-543

| | | |
|---|---|---|
| JORGE M. CARRILLO AND <br> CELIA CARRILLO, <br><br> Plaintiffs, <br> v. <br><br> STATE FARM LLOYDS, <br><br> Defendant. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | IN THE DISTRICT COURT <br><br><br><br> 421st JUDICIAL DISTRICT <br><br><br><br> CALDWELL COUNTY, TEXAS |

## DEFENDANT'S ANSWER TO PLAINTIFFS' ORIGINAL PETITION, REQUEST FOR DISCLOSURE, AND NOTICE OF RULE 193.7

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant State Farm Lloyds, and files this Answer to Plaintiffs' Original Petition:

## GENERAL DENIAL

1. Defendant hereby raises a general denial as permitted by Rule 92 of the Texas Rules of Civil Procedure, and denies each and every, all and singular, allegations contained in Plaintiffs' Original Petition and demands that Plaintiffs prove the truth of their allegations by a preponderance of the believable evidence.

## INITIAL DISCLOSURE

2. Pursuant to TRCP 194, Plaintiffs are requested to disclose, within 30 days of the service of this Answer, the information or material described in TRCP 194.2.

## RULE 193.7 NOTICE

3. Pursuant to Texas Rule of Civil Procedure 193.7, Defendant hereby gives notice that any document produced by any party in response to written discovery authenticates the document for use against that party in any pretrial proceeding or at trial.

1

## ADOPTIVE PLEADINGS

4.     In accordance with Rule 58 of the Texas Rules of Civil Procedure, Defendant adopts by reference the defensive pleadings filed by any other Defendant and/or Third-Party Defendant to the extent they are not inconsistent with the positions being taken by Defendant in this lawsuit.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays that upon final hearing hereof, Plaintiffs take nothing by reason of this action.

> Respectfully submitted,
>
> SKELTON & WOODY PLLC
> 248 Addie Roy Road, Suite B-302
> Austin, Texas 78746
> Telephone:    (512) 651-7000
> Facsimile:    (512) 651-7001
>
> By:    */s/ R. Ashley Applewhite*
> J. Hampton Skelton
> State Bar No. 18457700
> hskelton@skeltonwoody.com
> Edward F. Kaye
> State Bar No. 24012942
> ekaye@skeltonwoody.com
> R. Ashley Applewhite
> State Bar No. 24059388
> aapplewhite@skeltonwoody.com
>
> ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of November 2021, a true and correct copy of the above and foregoing document was served via electronic service on the following counsel of record:

Robert C. Lane
Joshua D. Gordon
Christopher C. West
THE LANE LAW FIRM, PLLC
6200 Savoy Drive, Suite 1150
Houston, Texas 77036

*/s/ R. Ashley Applewhite*

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Maria Sepulveda on behalf of R. Applewhite
Bar No. 24059388
msepulveda@skeltonwoody.com
Envelope ID: 59366685
Status as of 11/22/2021 10:34 AM CST

Associated Case Party: JorgeMCarrillo

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Robert CLane | | notifications@lanelaw.com | 11/22/2021 8:24:53 AM | SENT |

Associated Case Party: Celia Carrillo

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Robert CLane | | notifications@lanelaw.com | 11/22/2021 8:24:53 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Shelley Smith | | ssmith@skeltonwoody.com | 11/22/2021 8:24:53 AM | SENT |
| Maria Sepulveda | | msepulveda@skeltonwoody.com | 11/22/2021 8:24:53 AM | SENT |
| Maddison Decker | | mdecker@skeltonwoody.com | 11/22/2021 8:24:53 AM | SENT |

Associated Case Party: State Farm Lloyds

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Ashley Applewhite | | aapplewhite@skeltonwoody.com | 11/22/2021 8:24:53 AM | SENT |